## Blevins & Cavins *vs* Sympson, Deputy Sheriff.

ERROR TO THE GREEN CIRCUIT.

*Equity and equitable jurisdiction.    Practice in Chancery.*

JUDGE EWING delivered the Opinion of the Court.

MOTION.

*Case* 146.

June 3.

The case stated.

THE plaintiffs in error, on bill filed, sued out a subpœna, with injunction issued by order of the Chancellor enjoining and restraining the Sheriff of Green county and his deputy, Samuel Sympson, "from delivering possession of certain slaves to McCall and Craddock, or any one until the further order of the Court," which he had taken from the complainants and then held in his possession, by virtue of a writ of replevin sued out against them by McCall and Craddock.   And at a subsequent term, and after their bill had been dismissed by consent, on the motion of Sympson, the deputy Sheriff, an inquiry was awarded and a jury summoned to inquire whether he was entitled to any thing, and if any thing, how much, for keeping, clothing, and furnishing medical attendance to said slaves while in his custody.   The plaintiffs in error *appeared in Court* and *joined issue* with the deputy, and *made defence* on the inquiry; and the jury having found for Sympson $260, the plaintiffs were ordered by the Chancellor to pay the same to him, and they now ask a reversal of this order.

We think the Chancellor had full power, with or without the intervention of a jury, to make the order.   By his command, at the instance of the plaintiffs, an officer of the law had, in effect, been required to keep the slaves in his custody safely until the further order of the Court.   He had done so, and been prevented from delivering them to the plaintiffs in replevin, and thereby discharging himself from further risk or responsibility.   By

The Chancellor has full power, either with or without the intervention of a jury, to award payment of all necessary and proper expenses incurred in the safe keeping and maintenance of property taken

BLEVINS & CA-
VINS
*vs*
SYMPSON, DEP.
SHERIFF.

into the custody
of the law by his
order; and where
the proceedings
is dismissed by
agreement, the
complainants at
whose instance
the proceeding
was had, is re-
sponsible for the
expenses.

Where the suit
is at an end be-
fore such order
is made, it is
most regular to
proceed by rule
upon the respon-
sible party; but if
he appear, join
issue, and make
defence, without
any application
for continuance,
and a jury pass
on the amount
of allowance, it
cures the irregu-
larity.

Where an adm'r.
files a bill en-
joining the cus-
tody of personal
property, though
the property did
once belong to
their intestate,
yet if the neces-
sity for the pro-
ceeding proceed
from their own
actings, they are
individually re-
sponsible for the
expenses inci-
dent thereto.

the order he was subjected not only to the hazard of keeping them safely, but also to the cost of providing meat, drink, clothing, and medical attendance for them, and that in consequence of the command of the Chancellor on the application of the plaintiffs. The officer has a right to be compensated for this risk and these necessary charges, and the Chancellor, as an incident to his jurisdiction over the subject, has the power to institute the inquiry, and order the compensation to be made.

As the bill had been dismissed at a former term, and the parties out of Court, it would have been more formal to have brought them before the Court by rule to show cause. But as they appeared, joined issue, and made defence to the inquiry, without application for a continuance or objection to the trial at the time it was had, there is no ground for the reversal of the order for this informality. And though the Chancellor had the right, and it would probably have been more appropriate for him to have heard the proof and fixed the amount of compensation himself, it was competent for him to submit the inquiry to a jury as the means of enlightening his conscience as to the amount that should be allowed. As the evidence is not spread on the record, nor any exceptions taken, nor motion for a new trial made, we cannot say that the amount allowed was unreasonable.

Nor is the objection tenable that the order was made on the plaintiffs to pay absolutely, and not out of the assets in their hands. Though they filed the bill as administrators of one, Skeggs, the difficulties grew out of their own individual transaction after they were appointed administrators, and upon their individual motion, and upon the execution of their individual bond the restraining order was issued, and the officer has a right to look to them for his compensation.

It is, therefore, the opinion of this Court that the order of the Chancellor be affirmed with costs, &c.

*Harlan and Willis* for plaintiffs; *Monroe* for defendant.